IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Jo-Carroll Energy, Inc. (NFP), | ) | |
| | ) | Case No.  12-cv-50274 |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR DECLARATORY** |
| v. | ) | **RELIEF** |
| | ) | |
| Interstate Power and Light Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Jo-Carroll Energy, Inc. (NFP) ("Jo-Carroll") brings this diversity action to obtain declaratory relief for a determination of rights under contract with Interstate Power and Light Company ("IPL") and alleges as follows:

**Introduction**

Plaintiff Jo-Carroll Energy is entitled to terminate its Wholesale Supply Agreement ("Agreement," attached as Exhibit A) with Defendant Interstate Power and Light Company pursuant to a termination option contained in Section 11 of the Agreement.  Under the express terms of Section 11, Jo-Carroll is entitled to terminate when the average sale for resale price charged by IPL to Jo-Carroll under the Agreement is more than 10% higher than a price charged to two benchmark utilities selected by the parties for two consecutive years ("10% Rule").  This condition has existed since 2009 and Jo-Carroll has informed IPL that it is exercising its right to terminate.

In an attempt to prevent Jo-Carroll from exercising this termination option, IPL has manipulated the pricing data and refuses to recognize Jo-Carroll's termination.  Specifically, IPL claims that its sale for resale pricing to Jo-Carroll should not include charges paid by Jo-Carroll for transmission costs, yet IPL maintains that the same transmission costs should be included in

the prices to the benchmark utilities.  There is no basis in the Agreement to eliminate either Jo-Carroll's transmission charges or to eliminate transmission charges asymmetrically from Jo-Carroll, but not the benchmark utilities, when determining whether Jo-Carroll may terminate the Agreement under the 10% Rule.  Because the Agreement does not allow IPL to manipulate the data, Jo-Carroll is entitled to terminate the Agreement.

## Jurisdiction and Venue

1.      Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.

2.      Venue is proper under 28 U.S.C. § 1391(a)(1) because IPL resides in this District and (a)(2) because a substantial part of the events giving rise to the claim occurred in this District.

## Parties

3.      Plaintiff Jo-Carroll is a non-profit energy cooperative providing service to residential and commercial customers in Jo Daviess, Carroll and Whiteside Counties in Illinois. Jo-Carroll is incorporated in the state of Illinois and its principal place of business is located in Elizabeth, Illinois.

4.      Defendant IPL is an Iowa corporation.  Its principal place of business is located in Cedar Rapids, Iowa.

## Facts

5.      On or around May 1, 2008 Jo-Carroll and IPL executed the Agreement, in which IPL agreed, among other things, to provide Jo-Carroll with all of the electricity required by Jo-Carroll to service certain retail customers and for the operation of related electrical equipment.

6.      In return for the provision of its electricity requirements, Jo-Carroll agreed to, among other things, pay amounts specified under the Agreement.  Among the charges paid by

Jo-Carroll to IPL under the Agreement are transmission costs incurred in connection with the delivery of electricity under the Agreement.

7.      Both parties have performed, and continue to perform their obligations under the Agreement—IPL has continued to provide electricity to Jo-Carroll and Jo-Carroll has continued to pay the amounts specified under the Agreement.

8.      In Section 11 of the Agreement, the parties agreed that Jo-Carroll would be entitled to terminate the Agreement upon the occurrence of specified events, including that after providing proper notice Jo-Carroll may terminate the Agreement under the 10% Rule where:

> (b) The average price per kWh of electric power and energy under the sale for resale rate applied to [Jo-Carroll] exceeds the combined average price per kWh of electric sales for resale as reported in U.S. DOE Form 861 of the Wisconsin Public Service Corporation and the Wisconsin Electric Power Company for two consecutive calendar years by more than 10%.

(Ex. A, Section 11.)

9.      As demonstrated in Exhibit B, the average price per kWh of electric power and energy under the sale for resale rate applied to Jo-Carroll ("Jo-Carroll Price") exceeded the combined average price per kWh of electric sales for resale as reported in U.S. DOE Form 861 of the Wisconsin Public Service Corporation and the Wisconsin Electric Power Company ("Benchmark Price") by more than 10% in calendar years 2008 and 2009 and again in calendar years 2010 and 2011.  (Ex. B.)

10.     Because the Jo-Carroll Price has consistently exceeded the Benchmark Price by more than 10% since 2009, Jo-Carroll is entitled to terminate the Agreement under the 10% Rule.

11.     The average price per kWh of electric sales for resale for Wisconsin Public Service Corporation ("WPS") and Wisconsin Electric Power Company ("WEPCO"), the Benchmark Price, is determined by dividing sales for resale revenue by sales for resale measured

in kWh, as those numbers are reported in U.S. Department of Energy Forms 861 ("Form 861"). The U.S. Energy Information Administration ("EIA") collects the data reported on the Form 861 for all reporting utilities and publishes a compilation of the data in a publicly available spreadsheet. Figures from those spreadsheets were used in part to generate the tables in Exhibit B.[1]

12.     Similarly, IPL reports the total kWh sold to and total sale for resale revenue collected from Jo-Carroll in IPL's annual filing of Federal Energy Regulatory Commission Form 1 ("FERC Form 1").[2] The Jo-Carroll Price is derived by dividing the total sale for resale revenue (column "k" on that form) by the total kWh sold (column "g" on that form). FERC Form 1 is an annual regulatory filing made by major electric utilities (including IPL), designed to collect financial and operational information. It is also considered to be a non-confidential public use form. Copies of relevant excerpts of IPL's filings for 2008 through 2011 are attached as Exhibit C.

13.     Table 1 in Exhibit B contains the figures taken from the Forms 861 and FERC Forms 1 for WPS, WEPCO and Jo-Carroll that are necessary to compare the Jo-Carroll Price to the Benchmark Price.

14.     Using the figures provided in U.S. DOE Form 861 of the Wisconsin Public Service Corporation and the Wisconsin Electric Power Company, the Benchmark Price is $0.0463/kWh for 2008 and $0.0514 /kWh for 2009. (Ex. B.)

---

[1] These spreadsheets are available online at http://www.eia.gov/electricity/data/eia861/index.html

[2] These figures are recorded on a table found on Page 311 of FERC Form 1 for 2008 and 2009, under columns (g) and (k). Obtaining the kWh sold requires conversion of column (g) FERC Form 1 from megawatts to kilowatts my multiplying the value in column (g) by 1,000.

15.     The Jo-Carroll Price is $0.0510/kWh for 2008 and $0.0577/kWh for 2009.  (Ex. B.)

16.     Using these figures, the Jo-Carroll Price exceeded the Benchmark Price by 10.5% in 2008 and by 12.26% in 2009. (Ex. B.)

17.     Because the Jo-Carroll Price exceeded the Benchmark Price by more than 10% during two consecutive calendar years, since the close of 2009, Jo-Carroll has been entitled to terminate the Agreement under the 10% Rule in Section 11 of the Agreement.

18.     Jo-Carroll formally exercised this right by providing written notice, in accordance with Section 11 of the Agreement, on December 12, 2011.  (Exhibit D.)

19.     IPL has taken the position that the Jo-Carroll may not terminate the Agreement based on pricing data for calendar years 2008 and 2009.  According to IPL, before determining whether the Jo-Carroll Price exceeds the Benchmark Price by more than 10%, the total revenue figures in each of IPL's FERC Forms 1 must be adjusted by removing transmission costs it charged to Jo-Carroll and reported on page 311 in column (j) from the total revenue disclosed by IPL column (k), before the dividing this figure by the total kWh disclosed in column (g).[3] According to IPL, when the numbers are adjusted in this manner, the Jo-Carroll Price does not exceed the Benchmark Price by more than 10% for two consecutive years and Jo-Carroll cannot terminate the Agreement.  IPL's position has been articulated throughout the parties' discussions since October of 2011 and is stated in letters dated January 25, 2012 (Exhibit E) and May 31, 2012 (Exhibit F).

---

[3] Alternatively, IPL's argument can be stated as calculating the price per kWh of electric power and energy under the sale for resale rate applied to Jo-Carroll by referring to the figures on page 311 of FERC Form 1 and dividing the sum of columns (h) and (i) by column (g), as expressed in kWh.  (Ex. C.)  For the sake of ease, Jo-Carroll will refer to either expression of the argument as simply "removing" transmission costs.

20.     Jo-Carroll has informed IPL that it disagrees with IPL's position that the Agreement permits the exclusion of transmission costs when determining whether Jo-Carroll may end the Agreement under the 10% Rule.  Because such costs are not excludable, Jo-Carroll's letter of December 12, 2011 is effective to terminate the Agreement.

21.     Alternatively, if IPL is correct that the Agreement requires the removal of transmission costs from the figures reported in IPL's FERC Form 1, before determining whether Jo-Carroll may terminate the Agreement under the 10% Rule, then transmission costs must also be removed from the figures reported in Form 861 for WPS and WEPCO.

22.     Table 2 of Exhibit B shows the Jo-Carroll Price for 2010 and 2011 after removing transmission costs, as those costs were calculated by IPL in its correspondence with Jo-Carroll (Ex. F).  This table also shows the Benchmark Price for those same years, calculated after removing any reported transmission costs for WPS and WEPCO.  (Ex. B.)

23.     When transmission costs are removed for WPS and WEPCO, the Benchmark Price is $0.0485/kWh for 2010 and $0.0503/kWh for 2011.  (Ex. B.)

24.     Using figures provided by IPL in Exhibit F, the Jo-Carroll Price is $0.0575/kWh for 2010 and $0.0554/kWh for 2011.  (Ex. B.)

25.     Using these figures, the Jo-Carroll Price exceeded the Benchmark Price in 2010 by 18.51% and in 2011 by 10.17%.  (Ex. B.)  Because the Jo-Carroll Price exceed the Benchmark Price by more than 10% for two consecutive years, Jo-Carroll may terminate the Agreement under the 10% Rule.

26.     On May 10, 2012, Jo-Carroll provided IPL with a second notice of termination of the Agreement pursuant to the 10% Rule in Section 11, citing the figures for 2010 and 2011. (Exhibit G.)  This notice reaffirms Jo-Carroll's position that December 2011 termination letter is

effective to terminate the Agreement, and alternatively provides notice that Jo-Carroll is also

exercising its right of termination based on figures reported for 2010 and 2011, as adjusted for

transmission costs in Table 2 of Exhibit B.

27.     IPL has taken the position that transmission costs should not be removed from the

figures reported by WPS and WEPCO in their Forms 861 and that without those adjustments, Jo-

Carroll may not terminate the Agreement based on figures reported for calendar years 2010 and

2011 under the 10% Rule.

28.     Throughout 2012, IPL and Jo-Carroll continued to discuss, via email, letter and

telephone, whether Jo-Carroll may terminate the Agreement under the 10% Rule.  The parties

remain in disagreement.

## COUNT I
## Declaratory Relief Pursuant to 28 U.S.C. § 2201

29.     Jo-Carroll re-alleges and incorporates by reference the facts set forth in

Paragraphs 1-28 above as if fully stated herein.

30.     The Agreement does not permit the exclusion of transmission costs in calculating

the Jo-Carroll Price and all conditions precedent to begin termination of the Agreement pursuant

to the 10% Rule are satisfied based on charges reported for 2008 and 2009 and Jo-Carroll's

termination letter of December 12, 2011.

31.     IPL disputes that the conditions precedent to Jo-Carroll's right to terminate under

the 10% Rule have been satisfied and has taken the position that Jo-Carroll may not terminate the

Agreement.

32.     A declaration of the parties' rights by this court is necessary to establish whether

Jo-Carroll's exercise of the termination option and notice of December 12, 2011 are effective.

33.     The exercise of the Court's discretion to grant declaratory relief will settle the controversy between the parties and avoid the necessity of future litigation.

34.     Absent a declaration by this Court, the rights of the parties will remain clouded, uncertain and will inexorably lead to future litigation when Jo-Carroll attempts to cease purchasing electricity two years from its exercise of the termination option, on or after December 12, 2013.

WHEREFORE, Plaintiff Jo-Carroll Energy, Inc., respectfully requests that this Court enter an Order pursuant to 28 U.S.C. § 2201 declaring the following:

(a)     That pursuant to Section 11 of the Agreement, the average price per kWh of electric power and energy under the sale for resale rate applied to Jo-Carroll exceeded the Combined Average for 2008 and 2009 by more than 10%.

(b)     That pursuant to Section 11 of the Agreement, since the conclusion of 2009 and continuing presently, Jo-Carroll has had the right to terminate the Agreement two years after the service of its notice to terminate.

(c)     That Jo-Carroll's notice of intent to terminate sent to IPL on December 12, 2011 was proper and effective.

(d)     That as of December 12, 2013, Jo-Carroll may then immediately terminate the Agreement.

**COUNT II**
**Declaratory Relief Pursuant to 28 U.S.C. § 2201 (In the Alternative)**

35.     Jo-Carroll re-alleges and incorporates by reference the facts set forth in Paragraphs 1-28 above as if fully stated herein.

36.     If the 10% Rule in Section 11 of the Agreement contemplates that Jo-Carroll's transmission costs should be removed or excluded from any calculation of the Jo-Carroll Price,

8

under the terms of the Agreement, transmission costs incurred by WPS and WEPCO must also be removed or excluded from any calculation of the Benchmark Price.

37.     When these adjustments are made to the figures reported for WPS, WEPCO and Jo-Carroll for 2010 and 2011, Jo-Carroll is entitled to terminate the Agreement under the 10% Rule.

38.     IPL disputes that the conditions precedent to Jo-Carroll's right to terminate under the 10% Rule have been satisfied and has taken the position that Jo-Carroll may not terminate the Agreement.

39.     A declaration of the parties' rights by this Court is necessary to establish whether Jo-Carroll's exercise of the termination option and notice of May 10, 2012 are effective.

40.     The exercise of the Court's discretion to grant declaratory relief will settle the controversy between the parties and avoid the necessity of future litigation.

41.     Absent a declaration by this Court, the rights of the parties will remain clouded, uncertain and will inexorably lead to future litigation when Jo-Carroll attempts to cease purchasing electricity two years from its exercise of the termination option, on or after May 10, 2014.

WHEREFORE, Plaintiff Jo-Carroll Energy, Inc., requests that this Court enter an Order pursuant to 28 U.S.C. § 2201 declaring the following:

(a)     That pursuant to Section 11 of the Agreement, the average price per kWh of electric power and energy under the sale for resale rate applied to Jo-Carroll exceeded the Combined Average for 2010 and 2011 by more than 10%.

(b)     That pursuant to Section 11 of the Agreement, since the conclusion of 2011 and

continuing presently, Jo-Carroll has had the right to terminate the Agreement two

years after the service of its notice to terminate.

(c)     That Jo-Carroll's notice of intent to terminate sent to IPL on May 10, 2012 was

proper and effective.

(d)     That as of May 10, 2014, Jo-Carroll may then immediately terminate the

Agreement.

Dated:  July 19, 2012                                    Respectfully submitted,

**Jo-Carroll Energy, Inc. (NFP)**


By:     s/ Patrick T. Stanton
        One of Its Attorneys

Patrick T. Stanton (pstanton@dykema.com)
Edward Somers (esomers@dykema.com)
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL  60606
312-876-1700
312-876-1155 (fax)

Scott Sullivan (ssullivan@wilmac.com)
Joel M. L. Huotari (jhuotari@wilmac.com)
WilliamsMcCarthy LLP
120 W. State Street
P.O. Box 219
Rockford, IL  61105
815-987-8982
815-968-0019 (fax)